(C.D. 2964)

VICTOR MACHINERY EXCHANGE, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 13, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: The merchandise covered by the above-entitled protest consists of high-speed twist drills which were assessed with duty at the rate of 30 per centum ad valorem under paragraph 352 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), supplemented by Presidential proclamation (T.D. 51909), as cutting tools.

Plaintiff contends the merchandise is entitled to entry free of duty under paragraph 1615(a) of the Tariff Act of 1930, as amended, as American goods returned.

Counsel for the parties herein have submitted this protest for decision on the following stipulation:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

1. That the merchandise herein consists of certain high speed twist drills the manufacture of the United States, and returned after having been exported without having been advanced in value or improved in condition by any process of manufacture or other means.

2. That upon exportation, no drawback was paid upon said merchandise.

3. That upon importation, duty was assessed by the then Collector under the provisions of paragraph 352 of the Tariff Act of 1930, as modified, at the rate of 30 per centum ad valorem.

4. That, prior to liquidation, no certificate of outward manifest (Form 4467) was furnished by the importer.

5. That it is the importer's sole claim herein that said merchandise was properly free of duty under the provisions of paragraph 1615, Tariff Act of 1930, as amended.

6. That the facts herein are the same in all material respects as *Traders Service Corporation* v. *United States*, Abstract 47521, the record in which may be incorporated and made a part of the record herein.

7. That the protest be deemed submitted on this stipulation.

Accepting the stipulation as an agreed statement of facts and on authority of the decision cited therein, we find and hold, as alleged by the plaintiff, that the merchandise covered by the instant protest is entitled to entry free of duty under paragraph 1615(a), as amended, as American goods returned.

To the extent indicated, the specified claim in this protest is sustained; in all other respects and as to all other merchandise, all the claims are overruled.

Judgment will be rendered accordingly.